**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| FIRSTMERIT BANK, N.A., a national banking association, as successor in interest to the FDIC, as receiver for Midwest Bank and Trust Company, | ) ) ) ) ) | |
| Plaintiff, | ) ) | Case No. 13-CV-6625 |
| vs. | ) ) ) | The Honorable Gary Feinerman |
| MARIA FERRARI; JUAN SALGADO; ROBERT FERRARI; 2425 W. CORTLAND PROPERTIES, INC. | ) ) ) ) | |
| Defendants. | ) ) | |

**PLAINTIFF'S MOTION FOR SANCTIONS AGAINST COUNTERCLAIMANTS'
COUNSEL PURSUANT TO 28 U.S.C. § 1927**

FirstMerit Bank, N.A. hereby moves this Court for sanctions against attorneys Michael Pomerantz, Andy Jacobson, Glenn Kanter, Bryan King and their firm Brown, Udell, Pomerantz & Delrahim pursuant to 28 U.S.C. § 1927, based on their filing, and later advocating to the day of trial, baseless counterclaims that were filed solely to extend this litigation.

FirstMerit seeks sanctions against counsel in this case for asserting claims of racial discrimination against the bank in bad faith and for the improper purpose of multiplying and extending this commercial foreclosure in order to delay the entry of judgment. Counsel alleged that FirstMerit refused to enter into a settlement agreement because counterclaimant Juan Salgado is Hispanic. We know that counsel knew this allegation was untruthful because they personally participated in the settlement negotiations between the parties, and the parties' settlement communications make it clear that settlement was not reached because the parties could not agree on terms. It is also apparent that counsel filed the counterclaims solely to extend

this litigation because they conducted absolutely zero discovery and otherwise made no effort to prove their claims. They did not request institutional information regarding the ethnicities of FirstMerit's borrowers, they did not notice a deposition of a FirstMerit corporate representative, nor did they seek any evidence whatsoever that would be required to establish the counterclaims asserted. Instead, they continually challenged FirstMerit's attempts to resolve the counterclaims and pushed the counterclaims all the way to trial—thus forcing FirstMerit to incur significant unnecessary expenses—despite having no intention of actually trying their claims.

FirstMerit suspected that the counterclaims were filed solely to delay this otherwise straightforward commercial foreclosure proceeding. That suspicion was confirmed when counsel made a last ditch effort to withdraw from the case the night before trial, and when the Court refused that request they simply withdrew the discrimination claims with prejudice rather than proceed to trial. This conduct caused FirstMerit significant prejudice. Leaving aside the incalculable impact of being forced to answer public charges of racial discrimination in a federal forum, FirstMerit incurred substantial expenses preparing for a trial in which counsel never intended to participate. This conduct was vexatious and should not go unpunished. Section 1927 sanctions are appropriate and should be entered.

## LEGAL STANDARD

Section 1927 allows a court to require an attorney "who so multiplies the proceedings in any case unreasonably and vexatiously…to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. "An award of sanctions under this section is proper if the attorney has acted in an objectively unreasonable manner by engaging in a serious and studied disregard for the orderly process of justice, or where a claim is without a plausible legal or factual basis and lacking in justification. If a lawyer

2

pursues a path that a reasonably careful attorney would have known, after appropriate inquiry, to be unsound, the conduct is objectively unreasonable and vexatious." *Intellect Wireless, Inc. v. Sharp Corp.*, 87 F. Supp. 3d. 817, 844 (N.D. Ill. 2015). Section 1927 is a sanctions statute intended "to deter frivolous litigation and abusive practices by attorneys and ensure that those who create unnecessary costs also bear them." *Riddle & Assocs. v. Kelly*, 414 F.3d 832, 835 (7th Cir. 2005).

## ARGUMENT

Sanctions under Section 1927 are appropriate here, where counsel multiplied the proceedings by filing baseless counterclaims (1) knowing they were meritless, and (2) without any intention of actually pursuing the claims, and (3) continuing the charade all the way to the day of trial before voluntarily withdrawing the claim with prejudice. *See Intellect Wireless, Inc.*, 87 F. Supp. 3d at 848-49 (attorneys sanctioned under Section 1927 for their pursuit of claims that had no basis in fact). The counterclaims allege that FirstMerit refused to consummate a settlement because Counterclaimant Juan Salgado is Hispanic. (Dkt. No. 41 Countercl. ¶¶ 17, 25). However, the settlement communication between the parties makes it clear that this allegation has no basis in fact and was asserted solely to delay these proceedings. (*See* Dkt. No. 78 FirstMerit's Response to Motion to Enforce Settlement at Ex. 1). In fact, the Court already labelled counsel's attempt to ignore their own settlement communications "disquieting". Dkt. No. 87 Memo and Opinion Order).

Moreover, based on counsel's conduct it is apparent that they never intended to pursue the counterclaims and they only filed them to delay an otherwise straightforward commercial foreclosure. Counsel (1) did not conduct any discovery related to the claims, (2) tried to leave Salgado and his co-defendants in the lurch by moving to withdraw as counsel on the night before

3

trial, and (3) after their request to withdraw was denied on the morning of trial, voluntarily dismissed the claims with prejudice just as opening arguments were set to begin. It is woefully apparent that there was never any plan to resolve their discrimination claims at trial—because the claims were made up and used in bad faith to extend the proceeding and delay the entry of judgment. Such conduct went too far, and caused too much prejudice, to be ignored.

Counsel should not be permitted to abuse the judicial system in this manner. The system and its finite resources should be reserved for the resolution of legitimate disputes brought in good faith, by attorneys who have carefully vetted their allegations and believe in good faith that the law supports their claims. By filing the counterclaims and pushing them all the way to trial counsel violated Section 1927. Counsel should be sanctioned accordingly, both for their conduct in this matter and to deter such conduct in the future. In addition, FirstMerit should be made whole for the fees and expenses it incurred in preparation for a discrimination trial that proved to be a mere fiction from the beginning.

## CONCLUSION

FirstMerit therefore asks this Court to sanction counsel Michael Pomerantz, Andy Jacobson, Glenn Kanter, Bryan King and their firm Brown, Udell, Pomerantz & Delrahim for initiating and advocating for the counterclaims without a good faith basis, without conducting reasonable inquiry into the facts, and without any intention of actually pursuing the claims. Pursuant to 28 U.S.C. § 1927 and this Court's inherent authority to sanction attorneys and parties who act in bad faith, willfully abuse the judicial process, or file frivolous papers, FirstMerit respectfully requests that this Court award FirstMerit their reasonable expenses, including

4

attorneys' fees and costs, incurred in defending the frivolous counterclaims[1], and impose an additional monetary sanction sufficient to deter repetition and continuation of counsel's improper conduct in this matter as well as comparable conduct by others.

FIRSTMERIT BANK, N.A. a national banking association, as successor in interest to the FDIC, as receiver for Midwest Bank and Trust Company,

By: _____
    One of Its Attorneys

David F. Standa
*dstanda@lockelord.com*
**LOCKE LORD LLP**
111 South Wacker Drive
Chicago, Illinois 60606
Telephone: 312-443-0700

---

[1] The Affidavit of Kenneth M. Lodge establishing FirstMerit's fees and costs incurred in defense of the counterclaims is attached as *Exhibit 1*.

5

## <u>CERTIFICATE OF SERVICE</u>

I, David F. Standa, an attorney, certify that I caused the foregoing Motion for Sanctions to be served upon all persons and entities authorized and registered to receive such service through the Court's Case Management/Electronic Case Files (CM/ECF) system on November 6, 2015.


_____/s/David F. Standa_____

6

CHI1:1004697/00018:2167582v1